·Charles Banks, Plaintiff, *v.* The New York Club, Defendant.

*Money loaned to a club — no time of repayment fixed — Statute of Limitations — evidence as to an agreement to give a bond.*

In an action brought against a club to recover money loaned to it, in which the Statute of Limitations was interposed as a defense, it appeared that there was no agreement as to when the money was to be repaid, but evidence was given on the part of the plaintiff that at a meeting of some persons interested in the club, but not shown to be authorized to bind the club in its corporate capacity, it was agreed that bonds should be issued for the amount of the loan, and it was stated that payment should not be asked for until the club was able to pay. *Held*, that the evidence did not establish an agreement by the lender postponing the time of demand of payment, nor did it establish an agreement by the club that a bond should be delivered, and, hence, did not support the claim of the plaintiff that the debt arose upon a sealed instrument.

Motion by the plaintiff, Charles Banks, for a new trial, upon ·exceptions directed to be heard, in the first instance, at General Term, by an order of the Supreme Court, made on the dismissal of the complaint at the New York Circuit, on the 14th day of December, 1892.

*J. C. Coleman*, for the plaintiff.

*Ira D. Warren*, for the defendant.

Van Brunt, P. J.:

The court is unable to see any reason why the exceptions in this ·case were ordered to be heard in the first instance at General Term, there being no difficult or doubtful questions involved in the ·complaint.

This action is brought for loans of money made between the 1st · of February, 1875, and the 14th of December, 1877, and was commenced on the 12th of December, 1890. The plea, amongst others,

of the Statute of Limitations, was interposed. The evidence of the plaintiff tended to show the loan of the money. There was no agreement as to when it was to be paid, although there was evidence upon the part of the plaintiff that it was understood and agreed, at a meeting of some persons interested in the defendant, that bonds should be issued for the amount of the loan, and that the $4,500 involved in this action was loaned on that understanding. But there is no evidence that any of these parties who entered into that agreement were authorized to bind the defendant in its corporate capacity, or that it was ever ratified by the defendant, even if such an agreement could possibly have prevented the statute from running.

It was claimed upon the part of the plaintiff that it was agreed that the club was not to pay until it was able to do so, and that it was not so able until within six years from the date of the trial; but an examination of that evidence shows that at this meeting of these persons interested in the club, whether officers of the club or not the record does not show (it certainly was not a meeting of the managers of the club), it was stated that the claim should not be asked for until the club was in such a condition. This clearly was no agreement at all. It seems to have been some loose talk among persons who were interested in the club. The idea which is advanced, that if a bond was agreed to be delivered, which is not established, therefore, the bond being a sealed instrument, the debt arose upon a sealed instrument, has no foundation whatever.

It is claimed that error was committed by the court in the exclusion and admission of evidence which may have either prejudiced or influenced the jury. But it is difficult to see how any testimony which was only intended for the jury can affect the final ruling of the court, when the case was never submitted to the jury, and, therefore, there was no jury to be influenced.

The exceptions should be overruled and judgment ordered for the defendant, with costs.

O'Brien and Follett, JJ., concurred.

Exceptions overruled and judgment ordered for the defendant, with costs.